IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES D. SHEPHERD,

          Plaintiff,          Case No. 3:10-cv-110

vs.          Judge Thomas M. Rose

MICHAEL J. ASTRUE,          Magistrate Judge Sharon L. Ovington
Commissioner of Social Security,

          Defendant.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #15) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY AND REMANDING THIS MATTER TO THE SOCIAL SECURITY ADMINISTRATION FOR FURTHER PROCEEDINGS CONSISTENT WITH THE REPORT AND RECOMMENDATIONS**

_____

    Plaintiff Charles D. Shepherd ("Shepherd") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). On February 9, 2011, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #13) remanding this matter to the Social Security Administration. The Commissioner subsequently filed Objections (doc. #15) and Shepherd responded to the Commissioner's Objections (doc. #16). This matter is, therefore, ripe for decision.

    Shepherd sought SSI and DIB. Shepherd's application was denied initially and on

reconsideration. Shepherd then filed an action in this Court seeking judicial review.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in the Commissioner's Objections (doc. #14) and Shepherd's Response (doc. #16), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, remands this matter to the Social Security Administration. Finally, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and*

*Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ did not apply the correct legal criteria. WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #15) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #13) in its entirety.

The Commissioner's decision that Shepherd was not disabled and, therefore, not entitled to benefits under the Social Security Act is REMANDED for further proceedings consistent with the Report and Recommendations and this Decision.

**DONE** and **ORDERED** in Dayton, Ohio, this Fourth Day of March, 2011.

.                                                          **s/Thomas M. Rose**
                                                          _____
                                                          JUDGE THOMAS M. ROSE
                                                          UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record