# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLES D. SHEPARD, | : | |
| Plaintiff, | : | Case No. 3:10cv00110 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

In early March of 2011 the Court issued an Entry and Order containing two directives: (1) overruling the Commissioner's Objections to a previously docketed Report and Recommendations and (2) remanding the case to the Social Security Administration for further proceedings. (Doc. #s 13, 15, 17). On March 4, 2011, the Clerk of Court finalized the remand Order by entering Judgment in favor of Plaintiff and against the Commissioner. (Doc. #15).

This case is presently pending upon the Commissioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and Memorandum in Support (Doc. # 19), Plaintiff's Memorandum in Opposition (Doc. # 20), and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Motions brought under Fed. R. Civ. P. 59(e) "offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007).  "To grant a motion filed pursuant to Rule 59(e) ... there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting in part *Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 496 (6th Cir. 2006)); *cf. Bollenbacher v. Commissioner of Soc. Sec.*, 621 F.Supp.2d 497, 501 (N.D. Ohio 2008)(Carr, James G., C.J.)("The [Rule 59] motion is not a substitute for appeal and does not allow an unhappy litigant to reargue the case.").

The Commissioner relies on a recently decided case, *Francis v. Comm'r of Social Sec.*, 414 Fed. Appx. 802, 804-05, 2011 WL 915719 at *3 (6th Cir. 2011), which involved certain factors in the Social Security Regulations for evaluating medical source opinions. *See* 404.1527(d)(2).  *Francis* explains, "Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion' – not an exhaustive factor-by-factor analysis."  414 Fed. Appx. at 804.  The Commissioner argues that the prior Report mistakenly required the ALJ to provide the "exhaustive factor-by-factor analysis" forbidden by *Francis*.

The Commissioner's reliance on *Francis* is misplaced because the prior Report and Recommendations, and the Entry and Order adopting it, did not fault the ALJ for omitting

"an exhaustive factor-by-factor analysis" of Dr. Todd's opinions.  The ALJ's error, instead, was in failing to consider factors potentially favorable to Plaintiff.  As the Report discussed:

> Dr. Todd treated Plaintiff from at least August 7, 2003 (*see* Tr. 253) through August 29, 2006 (*see* Tr. 732-33), during which time he opined on four separate occasions as to Plaintiff's mental limitations.  By discounting Dr. Todd's opinions without ever addressing the length, nature and extent of his treatment relationship with Plaintiff, *see Blakley*, 581 F.3d at 406 (citing *Wilson*, 378 F.3d at 544), the ALJ does not appear to have given due consideration to factors that the Commissioner has said must be taken into account in determining the weight given to the opinion of the treating physician.

(Doc. #13 at 112)(citing *Blakley v. Comm'r of Social Sec.*, 581 F.3d 399 (6th Cir. 2009) and *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541 (6th Cir. 2004)).  The Report next quoted from the Commissioner's Ruling 96-2p, which explains that even if controlling weight should not be placed on a treating source's opinions, "[t]reating source opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §404.1527....."  (Doc. #13 at 113) (quoting Social Sec. Ruling 96-2p) (emphasis added in prior Report).  The Report concluded, "Because the ALJ did not heed this instruction, he did not apply the correct legal criteria to Dr. Todd's opinions, and his evaluation of those opinions constitutes an error of law."  (Doc. #13 at 113).

Although the ALJ need not articulate a factor-by-factor analysis of treating medical source opinions, *Francis* does not alter the "reason-giving requirement" set by Regulations and case law.  *See* §404.1527(d)(2) (ALJ required to "always give good reasons in [the] ... decision for the weight" given to treating physician opinions); *see also*

*Blakley*, 581 F.3d at 406-07).  *Francis* simply allows an ALJ some flexibility to discuss the regulatory factors pertinent to the particular case at hand without having to delve into "an exhaustive factor-by-factor analysis."  414 Fed. Appx. at 804.  Still, the ALJ must consider all the regulatory factors and provide good reasons for the weight he places on a treating physician's opinion.  *See Blakley*, 581 F.3d at 406-07.  And here the ALJ did not do so because when discounting Dr. Todd's opinions, the ALJ overlooked or ignored regulatory factors – as described in the prior Report – that favored placing greater weight on Dr. Todd's opinions.  This constituted a failure to apply the correct legal criteria to Dr. Todd's opinions.  *Cf. Goble v. Astrue*  385 Fed. Appx. 588, 593 (7th Cir. 2010)("An ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding."); *cf. also Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)("ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position."); *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984); *Kuleszo v. Barnhart*, 232 F.Supp.2d 44, 57 (S.D.N.Y. 2002).

      Turning to the Commissioner's remaining arguments, his Memorandum reiterates arguments previously addressed in this case and does not demonstrate that the Court committed clear error of law or that newly discovered evidence requires altering or amending the Court's prior Decision.  The Commissioner's Memorandum likewise does not point to a pertinent change in law since the time of the Court's Entry and Order.  *Francis* did not involve a pertinent change in the law as it was consistent with Social

Security Regulations.  *See* 20 C.F.R. §404.1527(d)("we consider all of the following factors in deciding the weight to give any medical opinions."); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d at 408 ("'[A] finding that a treating source medical opinion ... is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected.' Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4. 'Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'").  Lastly, the Commissioner has not shown that manifest injustice requires amending or altering the Entry and Order or the resulting Judgment.

Accordingly, the Commissioner's Motion To Alter Or Amend Judgment lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's Motion To Alter Or Amend Judgment (Doc. #19) be DENIED; and

2. This case remain terminated on the Court's docket.


July 7, 2011

              s/Sharon L. Ovington
               Sharon L. Ovington
            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).